UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2026 JUN -3  AM 10: 28

DR. MASHIACH C. LASSITER,
Plaintiff,

v.

KIRKUS MEDIA, LLC,
Defendant.

**26CV4672**

Civil Action No. _____

## COMPLAINT

## JURY DEMAND

Plaintiff Dr. Mashiach C. Lassiter, proceeding pro se, alleges as follows. This pleading is drafted for direct filing or protective filing in the Southern District of New York based on Defendant's New York publication nexus, editorial office, and ongoing control over the challenged review.

## I. PARTIES

1. Plaintiff Dr. Mashiach C. Lassiter is a natural person domiciled in Alabama and is a citizen of Alabama.

2. Defendant Kirkus Media, LLC is a limited liability company doing business as Kirkus Reviews and Kirkus Indie.

3. Defendant maintains a New York editorial office at 1140 Broadway, Suite 802, New York, New York 10001, and markets paid professional book reviews nationwide.

4. Defendant operates a paid review service known as Kirkus Indie and published the review at issue on KirkusReviews.com.

5. Upon information and belief, Defendant's members are not citizens of Alabama. Plaintiff presently lacks access to Defendant's complete LLC membership tree and requests limited jurisdictional discovery if the Court requires exact member-by-member citizenship before service.

## II. JURISDICTION AND VENUE

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of Alabama, Defendant is an LLC whose members are believed not to be Alabama citizens, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. The amount in controversy is satisfied by the aggregate value of reputational harm, lost professional opportunities, paid-review loss, future economic harm, punitive damages to the extent permitted by law, and equitable relief requiring correction or retraction.

8. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) because Defendant's editorial office and publication activity are centered in New York, and the challenged review was published by a New York-based media defendant.

9. The Court has personal jurisdiction over Defendant because Defendant conducts business in New York, maintains a New York editorial office, and the publication and correction decisions at issue are tied to Defendant's New York operations.

10. Alternatively, if the Court finds venue or jurisdiction imperfectly pleaded, Plaintiff requests transfer in the interest of justice rather than dismissal under 28 U.S.C. § 1406(a) or § 1631.

## III. FACTUAL ALLEGATIONS

11. Plaintiff authored the book How to Change the World in 20 Minutes.

12. Plaintiff purchased a paid Kirkus Indie review for approximately $450.

13. Defendant held itself out as providing professional, independent, editorial book reviews suitable for use by authors, readers, book buyers, and publishing-market participants.

14. On or about April 4, 2018, Defendant published a review of Plaintiff's book on KirkusReviews.com.

15. The review stated: 'A playful narrator, known as Mwalimu, has a story for the reader that only takes 20 minutes to tell.'

16. That statement is false. The narrator is Tezd, not Mwalimu.

17. Mwalimu is a referenced figure within the book, not the narrator.

18. The review further attributed narrative tone and reader-directed narration to Mwalimu, compounding the false narrator attribution.

19. Narrator identity is an objectively verifiable fact and a core literary-authorship element.

20. Defendant's false attribution materially altered how the public would understand Plaintiff's authorship, structure, and literary competence.

21. Plaintiff notified Defendant of the factual inaccuracy and requested correction.

22. Defendant refused to investigate, correct, retract, or publicly clarify the false statement, relying instead on internal policy and offering only to unpublish or private the review.

23. Defendant's offer to unpublish confirms that Defendant controls whether the review remains accessible and how it appears.

24. Unpublishing without correction would not remedy past harm, public misattribution, or the absence of a retraction.

25. Defendant continued to maintain, host, index, and make available the review after receiving notice of the false attribution.

26. Plaintiff suffered loss of author credibility, reputational injury, loss of professional opportunities, emotional distress, and future economic harm.

27. Plaintiff is a 100% service-connected disabled veteran with PTSD, and the reputational stress and professional harm intensified disability-related burden and family instability.

28. Plaintiff's damages include direct harm to Plaintiff and family-impact damages involving three children and two parents to the extent recoverable under applicable law.

## IV. TIMELINESS, CONTINUING PUBLICATION, AND EQUITABLE RELIEF

29. Plaintiff acknowledges that the original review was posted on or about April 4, 2018.

30. Plaintiff's claims are based on both the original false publication and Defendant's later post-notice refusal to correct, retract, or clarify a known factual error.

31. Defendant's later communications, including refusal to correct and offer to unpublish, constitute separate post-publication conduct showing knowledge, control, and continuing injury.

32. The review's continued online availability, indexing, and public display after notice create ongoing reputational and commercial harm.

33. To the extent damages tied solely to the first publication are limited by a statute of limitations, Plaintiff seeks prospective declaratory and injunctive relief to stop continuing publication of the false attribution.

34. Plaintiff requests limited discovery regarding the dates and means by which Defendant maintained, updated, indexed, displayed, distributed, archived, or republished the review after notice.

## V. COUNT I - NEGLIGENT MISREPRESENTATION / PROFESSIONAL SERVICE MISREPRESENTATION

35. Plaintiff incorporates the preceding paragraphs.

36. Defendant sold Plaintiff a paid professional review service.

37. Defendant supplied materially false information in the course of that business by misidentifying the narrator and narrative voice.

38. Plaintiff reasonably relied on Defendant's marketed professional accuracy when purchasing and using the review service.

39. Defendant failed to exercise reasonable care in reading, identifying, and describing the book's narrator and structure.

40. Plaintiff was damaged by loss of review value, lost professional credibility, reputational injury, economic loss, and future opportunity loss.

## VI. COUNT II - DEFAMATION / COMMERCIAL DISPARAGEMENT / INJURIOUS FALSEHOOD

41. Plaintiff incorporates the preceding paragraphs.

42. Defendant published false statements of fact concerning Plaintiff's authored work.

43. The statements concern Plaintiff because they misrepresent a core authorship element of Plaintiff's book and publicly attribute narrative voice and tone to the wrong figure.

44. The statements were communicated to third parties through Defendant's public website.

45. Defendant acted at least negligently and later refused to correct after notice.

46. The false attribution tends to injure Plaintiff in his trade and profession as an author by making the work appear structurally incoherent based on a factual misreading.

47. Plaintiff suffered special damages, including loss of professional credibility, lost book/platform opportunities, and impairment of the work's commercial reputation.

## VII. COUNT III - DECLARATORY AND INJUNCTIVE RELIEF

48. Plaintiff incorporates the preceding paragraphs.

49. An actual controversy exists regarding Defendant's continued publication of a paid professional review containing a verifiably false narrator attribution after notice.

50. Monetary damages alone are inadequate because the false attribution continues to affect authorship credibility while the review remains accessible without correction.

51. Plaintiff seeks a declaration that the narrator attribution is false.

52. Plaintiff seeks an injunction requiring Defendant to correct, retract, remove, or clearly annotate the false narrator attribution and any derivative statements assigning narrative voice or narrative tone to Mwalimu.

53. Plaintiff seeks preservation of reviewer notes, drafts, internal communications, policy materials, and publication-maintenance records.

## VIII. DAMAGES AND RELIEF

54. Plaintiff seeks damages exceeding $75,000.

55. Damages include paid-review loss, reputational harm, lost opportunities, emotional distress, future economic harm, and family-impact damages involving three children and two parents to the extent recoverable.

56. Plaintiff seeks compensatory damages, punitive damages to the extent permitted by law, declaratory relief, injunctive relief, costs, and any additional relief the Court deems just.

57. Plaintiff demands a jury trial on all issues so triable.


Respectfully submitted,

Dr. Mashiach C. Lassiter
1225 Mountain Lane
Gardendale, Alabama 35071
Email: class1911@gmail.com
Plaintiff, Pro Se

995338X64X5XPRI
DrDontPlay
DrDontPlay
1225 Mountain Ln
Gardendale, AL 35071-4215

1***************************SNGLP 480

U.S. District Court SOUTHERN New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St
New York, NY 10007-1316

26CV4672

## CERTIFICATE OF SERVICE

I certify that on MAY 30, 2026, I mailed, filed, or otherwise served this Complaint as permitted by the Federal Rules of Civil Procedure and applicable court procedures after issuance of summons or waiver packet.

Dr. Mashiach C. Lassiter

RECEIVED
SDNY PRO SE OFFICE
2026 JUN -3 AM 10: 30

995214X2599X1274XPRI
DrDontPlay
DrDontPlay
1225 Mountain Ln
Gardendale, AL 35071-4215

7***************AUTO**MIXED AADC 480

U.S. District Court SOUTHERN New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St
New York, NY 10007-1316

