UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. MASHIACH C. LASSITER,<br>Plaintiff,<br>-against-<br>KIRKUS MEDIA, LLC,<br>Defendant. | 1:26-CV-4672 (ALC)<br>ORDER OF SERVICE |

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff Dr. Mashiach C. Lassiter, of Gardendale, Alabama, appears *pro se* and invokes the court's diversity jurisdiction. He sues Kirkus Media, LLC ("Kirkus"), of New York, New York.

By order dated June 22, 2026, the court granted Plaintiff leave to proceed without prepayment of fees, that is, leave to proceed *in forma pauperis* ("IFP"). The Court directs service on Defendant Kirkus.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service.[1]

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that a summons and the complaint be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Defendant Kirkus until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve Defendant Kirkus until 90 days after the date that the summons for Defendant Kirkus is issued. If the summons and the complaint are not served on Defendant Kirkus within 90 days from the date that the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the

*Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Kirkus through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for Defendant Kirkus. The Clerk of Court is further instructed to issue a summons for Defendant Kirkus and to deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on Defendant Kirkus.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court issue a summons for Defendant Kirkus Media, LLC ("Kirkus"), complete a USM-285 form with the service address for Defendant Kirkus, and deliver all documents necessary to effect service of a summons and the complaint on Defendant Kirkus to the USMS.

SO ORDERED.

Dated: August 10, 2026
New York, New York

ANDREW L. CARTER, JR.
United States District Judge

defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

**SERVICE ADDRESS FOR DEFENDANT**

Kirkus Media, LLC
1140 Broadway
Suite 802
New York, New York 10001